

UNITED STATES DISTRICT COURT
FOR THE __Western__ DISTRICT OF OKLAHOMA

FILED
OCT 0 6 2016
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

__Richard Lynn Dopp__,
~~Petitioner~~, Plaintiff,

v. __Buddy Honaker; Joel McCurdy;__
__Stephen Paine; Theresa Sellers;__
__Shirley May; Laura Neefe; Ms.__
__Baird; and Dr. Neau__,
~~Respondent(s)~~ Defendants

Case No. CIV-16-1164 HE

CIVIL RIGHTS COMPLAINT
Pursuant to 42 U.S.C. § 1983

A. **PARTIES**

1. __Richard Lynn Dopp__ is a citizen of __Oklahoma__
   ~~(Petitioner)~~ Plaintiff                        (State)
   who presently resides at __CCF/CCA/ QN 108, 3200 S. Kings Hwy.,__
                              (place of confinement)
   __Cushing, OK 74023__

2. ~~Respondent~~ Defendant, __Buddy Honaker__ is a citizen of __Okla. City__
                (Name of first ~~Respondent~~) Defendant           (City)
   __Oklahoma__, and is employed as __ODOC chief medical services Ad-__
    (State)                        (Position and title, if any) __ministrator.__

   At the time the claim(s) alleged in this complaint arose, was this respondent acting under color of State Law? Yes ☒ No ☐

   If your answer is "Yes", briefly explain: __Sued in his individual capacity.__
   __He was acting under color of state law as employee of the state__

3. ~~Respondent~~ Defendant, __Joel McCurdy__ is a citizen of __Okla. City__
                (Name of second ~~Respondent~~) Defendant         (City)
   __Oklahoma__, and is employed as __ODOC chief medical officer__
    (State)                        (Position and title, if any)

   At the time the claim(s) alleged in this complaint arose, was this respondent acting under color of state law? Yes ☒ No ☐

   If your answer is "Yes", briefly explain: __Sued in his individual capacity.__

1

At time of claim, he was acting under color of state law as an employee of ODOC Medical Division

4. ~~Respondent~~ Defendant, Stephen Paine is a citizen of Cushing
(Name of third ~~Respondent~~ Defendant)                                    (City)
Oklahoma, and is employed as CCF/CCA Doctor/physician.
(State)                                              (Position and title, if any)

At the time the claim(s) alleged in this complaint arose, was this respondent acting under color of State Law?  Yes ☒  No ☐

If your answer is "Yes", briefly explain: Sued in his individual capacity. He is under contract with ODOC/CCF/CCA to provide adequate medical-health care for pltf

5. Are there additional respondents? Yes ☒ No ☐   See page 7 attached

*If your answer is "Yes" you may attach one additional (8 ½" x 11") to provide the above information for additional respondents.*

**B.   JURISDICTION**

1. Jurisdiction is asserted pursuant to: (Check one)

   ☒ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (applies when respondents allegedly acted under color of state law) Supplemental on state law claims

   ☐ Bivens v. Six Unknown Names Agents for Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies when respondents allegedly acted under color of federal law)

**C.   NATURE OF CASE**

Briefly state the background of your case: After being diagnosed as having severe cervical foraminal stenosis, neck bone nerve impingement at OCF, Holdenville, requiring surgery, pltf was transfered to CCF above the above captioned Defs have been well informed of said serious medical condition and currently refuse to provide pltf appropriate surgical fusion to correct said condition, fail to adequately supervise and/or adequately train subordinate medical staff. The pain & suffering pltf currently experiences is of the magnitude that const-

2

*itutes cruel and/or unusual punishment proscribed against by U.S. constitution's 8th Amendment, etc.*

## D. CAUSE OF ACTION

I allege that my following constitutional rights, privileges, or immunities have been violated, and the following facts form the basis for my allegations: *If necessary you may attach up to two additional pages (8 ½" x 11") to explain an allegation or to list additional counts or supporting facts.*

1a. Count I: *See page 8-13 attached hereto*

1b. Supporting Facts: (*Include all facts you consider important, including Names of persons involved, places, and dates. Describe exactly how each respondent is involved. State the facts clearly in your own words without citing legal authority or argument.*)

*See page 8-13 attached hereto*

2a. Count II: *N/A*

2b. Supporting Facts: *N/A*

3

3a.   **Count III:** _N/A_

3b.   **Supporting Facts:** _N/A_

E.   **PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?
Yes ☒ No ☐

If your answer is "Yes", describe each lawsuit. *If there is more than one lawsuit, describe each additional lawsuit using the same format on a blank sheet of paper labeled "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF."*

a.   Parties to previous lawsuit:
Petitioners: _Richard L. Dopp_
Respondents: _Ray Larimer & Fred Sanders_

b.   Name and location of court and docket number: _U.S. Dist Court for the Western Dist, OKC, Ok CIV-15-244-D_

c.   Approximate date of filing lawsuit: _3-09-2015_

d.   Issues raised: _Similar issues but against different Defs at a different Jail & location_

e.   Disposition: (i.e. Was the case dismissed? Was it appealed? Is it still pending?): _Pending_

f.   Approximate date of disposition: _N/A_

2. Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D?  Yes ☒ No ☐
If your answer is "Yes", briefly explain how relief was sought and the result. If your anwer is "No", briefly explain why administrative relief was not sought.:
_Not sure what the difference is between this question and_

that of #3 below? I have exhausted all available prison
Administrative remedies by filing GTCA notice and prison
Grievances at RA level and appeals to ODOC ARA

3. Have you exhausted available administrative remedies?   Yes ☒ No ☐
   If your answer is "Yes", briefly explain the steps taken and attach proof of exhaustion. If your answer is "No", briefly explain why administrative remedies were not exhausted: Do not understand difference between this question and that of #2 above. My answer is same as that in #2 above

F. **PREVIOUSLY DISMISSED ACTIONS OR APPEALS**

1. If you are proceeding *in forma pauperis* under 28 U.S.C. § 1915, describe each civil action or appeal you have brought is a court of the United States while incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *If there is more than one civil action or appeal, describe the additional actions or appeals using the same format on a 8 ½" x 11" paper labeled* "F. **PREVIOUS DISMISSED ACTIONS OR APPEALS**"

   a. Parties to previous lawsuit:
      ~~Petitioners~~: Judicial Notice is requested of this info
      ~~Respondents~~: provided in CIV-11-306-D Doc #9, Filed 3-28-11

   b. Name and location of court and docket number: U.S. Dist Court For Western Dist of Okla, CV-11-306-D

   c. Approximate date of filing lawsuit: _____

   d. Issues raised: _____

   e. Grounds for dismissal: ☐ frivolous  ☐ malicious  ☐ failure to state a claim upon which relief may be granted.

2. Are you in imminent danger of serious physical injury? Yes ☒ No ☐
   If your answer is "Yes", describe the facts in detail without citing legal authority or argument: Same as was found in CIV-15-244-D only it is worsening due to degenerative condition of type problem as diagnosed previously referenced above. See pages 8-13 attached and at page 13

5

G. **REQUEST FOR RELIEF**

I believe I am entitled to the following relief: order appropriate Defs' to provide pltf corrective surgical fusion by competent neurosurgeon, and/or immediate release from ODOC custody due to cruel and/or unusual punishment, etc. Prospective and compensatory relief of over $10,000.00 from each Def, and if compensatory damages are available & if applicable, presumed damages as well as punitive and/or nominal damages over $10,000.00 from each Def. To include Filing Fees, costs, photocopy fees, notary services, envelopes, postage, service of process, transport to court, attorney fees, and injunctive relief, as well as any other relief this court deems appropriate.

_Rich L. Dopp_ 10-04-16
Original Signature of Petitioner
Richard L. Dopp #126054
CCF/CCA / DN 108
3200 S. Kings Hwy.
Cushing, OK 74023

**DECLARATION UNDER PENALTY OF PERJURY**

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the Petitioner in the above action, he has read the above complaint, and the information contained therein is true and correct. 28 U.S.C. § 1746, 18 U.S.C. § 1621.

Executed at _CCF, Cushing, Payne County_ on _10-04-2016_
Location / Date

_Rich L. Dopp_
Original signature of Petitioner
Richard L. Dopp

<u>Def Theresa Sellers</u> is a citizen of Cushing, OK, and was employed as CCF Chief Health Services Administrator at time of herein complaints occurred. She is sued in her individual capacity and was acting under color of state law as an employee of CCF/CCA under contract with ODOC.

<u>Def Shirley May</u> is a citizen of Sayre, OK, and was employed as CCF Chief Health Services Administrator at time of herein complaints occurred, successor to T. Sellers. She is sued in her individual capacity and was acting under color of state law as an employee of CCF/CCA under contract with ODOC.

<u>Def Laura Neefe</u> is a citizen of Cushing, OK, and is employed as current CCF Chief Health Services Administrator at time of herein complaints occurred, successor to S. May. She is sued in her individual capacity and was acting under color of state law as an employee of CCF/CCA under contract with ODOC.

<u>Def Ms. Baird</u> is a citizen of Cushing, OK, and is employed as CCF/CCA Nurse Practitioner. She is sued in her individual capacity and was acting under color of state law as an employee of CCF/CCA under contract with ODOC.

<u>Def Dr. Neau</u> is a citizen of Cushing (?), OK, and is employed as CCA Regional Director of Medical Division. She is sued in her individual capacity and was acting under color of state law as an employee of CCF/CCA under contract with ODOC.

7

D.1a. Count I: CCF/CCA Defs' S. Paine, Ms. Baird, T. Sellers, S. May, L. Neefe, Dr. Neau, and ODOC Defs' B. Honaker and J. McCurdy have/are committing acts, inactions, conduct and omissions against pltf that constitute deprivations/violations of the U.S Constitution's 8th Amendment, Okla. Constitution's equivalent thereof, ODOC/CCF/CCA policies and applicable state law, but not limited thereto. Pltf names and sues all referenced above and captioned defs in their individual capacity, and if later applicable in their official capacity for purposes of injunctive relief.

D.1.b. Supporting Facts: On/or about 7-01-2015, pltf was transferred from OCF/CCA (Holdenville) from under R. Larimer② & F. Sanders' medical-health care to CCF/CCA (Cushing), where pltf has encountered entirely different medical staff and those of supervisory position over them from ODOC. Shortly after his 7-01-15 arrival at CCF, pltf personally advised CCF Def Dr. S. Paine of his exact same serious degenerative medical condition (cervical foraminal stenosis neck bone nerve cord impingement) as was diagnosed by Holdenville General Hospital in 2014 as identified in prior claims alleged against R. Larimer② & F. Sanders. During that same scheduled appointment and similar appointments taking place afterward, Def Paine acknowledged he was aware of pltf's condition and advised pltf he was still scheduled to see OU Medical Center Neurosurgeon. A few weeks later, pltf went to OU Medical Center and was seen by a mere "screener" who advised pltf he was not the neurosurgeon. This "screener" ultimately advised pltf he had <u>not</u> reviewed pltf's 2014 CD MRI images and that although surgery could provide correction of his neckbone condition, no such

---

② Judicial Notice is requested of Depp -vs- Larimer, et al. CIV-15-244-D.

surgery would be provided by OU medical center due to budgetary financial restraints of unnamed CCA/ODOC officials. Pltf then requested Dr. Paine, T. Sellers, and S. May to schedule him to see an independent medical facility such as Laser Institute in OKC, OK, to provide the corrective surgery, but said requests have been repeatedly denied.

During separate occasions attending scheduled medical appointments with Def Dr. Paine and Ms. Baird, pltf provided them to put in his medical record his 2013 CT scan (Ex '1'), two 2014 MRI results (Ex '2' & '3'), as well as his mother's MRI (Ex '4') and her operative report (Ex '5'). The latter (Ex '4' & '5') reflecting her diagnosis and subsequent surgical fusion of which is almost identical in comparison to pltf's 2014 MRIs, and of which his mother's condition has been cured/fixed since pltf's diagnosis. This type medical condition is heredetary. Even more recently in June/July 2016, pltf showed & provided Defs' Paine, Baird, Neefe, & Neau, copies of results of totally nonassociated totally independent Medical Facility, North American Spine Institute (NASI), of Dallas, TX (well known experts in this field of subject matter), after they reviewed pltf's 2014 MRI CD images they acquired from Holdenville General Hospital. NASI concluded pltf required surgical fusion to correct his lower neck bone degenerative condition and relieve the pain caused by the nerve cord impingement. They also indicated they needed an up-to-date current MRI conducted to determine the exact extent of bone damage and further degeneration that had occurred since the last 12-04-2014 MRI (Ex '6' & '7'). After making a request to receive an up-to-date MRI to make those determinations, Defs' Paine, Baird, Neefe, Neau, Honaker, & McCurdy have refused to provide it and the surgical fusion as well.

9

ODOC Def Joel McCurdy② has been personally aware of pltf's above referenced (ref) serious medical condition since pltf was still at OCF in 2014-15 and while there, he even advised OCF nurse practitioner, Sue Burkhalter, to recommend prescribing Neurontin/gabepentin and that he as ODOC CMO would approve it being it required his approval under ODOC operating policy OP-140130. Def J. McCurdy done so as he put it, because pltf was (and still is) experiencing excruciating pain and the delays in getting to see neurosurgeon. As pltf attempted to describe previously in CIV-15-244-D, the pain feels something like someone or something is ripping apart his brain from his brain stem slowly, resulting in undescribable excruciating/incapacitating pain each and every morning, sometimes of which no amount of pain medication alleviates. Def McCurdy continues to be updated on pltf's condition and re-prescribing of Neurontin every 90 days or so, and approves the prescription pursuant to OP-140130. However, on occasion said Def has delayed in providing Neurontin causing unnecessary pain. While at CCF, pltf also notified Defs' Honaker and McCurdy by letter with attached 2013 CTscan (Ex '1') & both 2014 MRI results (Ex '2' & '3') thereto, as well as submitting them several Grievance Appeals therein requesting pltf be provided the corrective surgery ref above, and thus far have been denied.

All the above CCF/CCA/ODOC Defs' have personally participated in the purported inadequate treatment and/or failure to adequately treat pltf's neck condition by simply refusing to provide surgery and/or refusal to recommend pltf be provided the surgery. Defs' similarly refuse to have an up-to-date current MRI conducted upon pltf to make efforts to determine the extent pltf's degenerative condition has worsened. Although Defs' are well aware that pltf has been more recently complaining

② see Ex '8' attached.

10

of increased and prolonged pain and been prescribed more quantity of pain medication and additional different pain medication that helps but does not completely alleviate or much less cure the problem. Moreover, CCF Def's' T. Sellers, & S. May have refused to provide adequate training and/or adequate supervision to/for their CCF subordinate medical staff resulting in pltf running out of all pain medications "Cold-Turkey" and experiencing the full onslaught of pain due to not having any pain meds on several occasions this occurred.

Fact is, all the above ref ODOC/CCF Defs' have been repeatedly advised orally and in writing by pltf as to the seriousness of his condition and pain associated therewith-s ref hereinabove. That their prescribed pills do not completely alleviate said pain and that pltf starts experiencing said pain anew <u>each</u> morning around 3:00 A.M., and that those pills nor any other pill cannot ever take the place of the needed corrective surgical fusion. Defs' Paine & Bird, approved by Defs' McCurdy, Honaker and/or Dr. Neau, have been prescribing & providing pltf additional amounts of 600 mg Ibuprofen (90), Excedrin plus 625 mg (60), Neurontin 800 mg (60) in combination totalling over 200 pills each month for pain, and then Fiberlax (30), & Ducosate (60) for the side effects of taking the other pain pills ref above, establishing pltf's pain & condition is worsening.

All the CCF/CCA/ODOC Defs' ref above are mandated by ODOC policy OP-140100 to provide pltf "healthcare ... as required by the U.S. and Okla. Constitutions to all offenders in the custody of the ODOC Facilities." This is to include "Qualified healthcare professionals will be available to serve offenders and provide medical referrals as appropriate," and "offenders that cannot be appropriately cared for within a DOC Facility will be transferred to another appropriate medical facility equipped to provide the necessary services". Id. As stated above, all Defs' are mandated

11

to provide pltf with adequate health care as prescribed by U.S. & Okla. constitutions as well as that further outlined in other ODOC policies of OP-140100, OP-140101, OP-140106, OP-140114, OP-140130, and OP-140132, but not limited thereto, of which Defs' are not in compliance and refusing to do so. It is also clearly stated at the end of each of those OP policies that ODOC CMO (Def J. McCurdy) is responsible for compliance with those procedures to which establishes his failure to supervise and/or train his subordinate medical staffing at ODOC or CCF/CCA specifically that of Defs' Paine, Baird, Sellers, May, Neefe, Neau, Honaker). In other-words Def McCurdy and his designee Def B. Honaker possess supervisory responsibility & authority to provide pltf the corrective surgical fusion but refuse to do so.

To further clarify pltf's current position, a totally independent medical facility, NASI, who knew pltf was an Okla. prisoner and they would not benefit in any way, diagnosed and concluded pltf needed surgical fusion two years ago in 2014 by reviewing his 2014 MRI cd images. The problem is that the above ref CCF/CCA/ODOC Defs' refuse to provide the surgery and up-to-date MRI, but instead substitute mere inadequate pills. The OU Medical Center "screener" told pltf no surgery would be provided by them due to financial budgetary restraints. In July 2016, Def Ms. Baird similarly told pltf no surgery would be provided unless pltf had a life threatening condition due to cost of this type surgical fusion. Def Baird also used a scare tactic by telling pltf he would not want to have such a surgery while at CCF due to having to heal under conditions of a MERSA outbreak of which is everywhere. When pltf asked a pill call nurse, she indicated she was not aware of even one offender at CCF with MERSA.

Even more recently, as of August 2016, Defs' Paine,

12

Baird, and Neefe, claim they forwarded pltf's medical record which includes Ex '1'-'9' attached hereto along with pltf's request to provide him an up-to-date current MRI and to provide corrective surgery to regional medical director Def. Dr. Neau. After acknowledging receipt of above ref record, and personally reviewing same, Dr. Neau has refused to authorize or provide pltf corrective surgery or up-to-date MRI, but also refuses to mention or acknowledge the pain pltf currently suffers on a daily basis. After further review of subject matter ref immediately above, Defs' Honaker and McCurdy have also denied same. Due to continuing and on-going degenerative worsening condition and unbearable pain associated with, and as a result thereof, such has put pltf "under imminent danger of serious physical injury" allowing him to proceed without prepayment of filing fees and costs pursuant to IFP status. These above true facts clearly suggest all named Defs' are deliberate indifferent to pltf's serious medical condition/needs contrary to well established U.S. & Okla. Const'l law.

13.