IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

RICHARD LYNN DOPP, )
)
        Plaintiff, )
)
v. ) Case No. CIV-16-1164-D
)
BUDDY HONAKER, *et al.*, )
)
        Defendants. )

# O R D E R

This matter comes before the Court for review of the Report and Recommendation [Doc. No. 68] issued by United States Magistrate Judge Charles B. Goodwin pursuant to 28 U.S.C. § 636(b)(1). Judge Goodwin recommends granting Defendants' Motions to Dismiss [Doc. Nos. 47, 49] and ordering the following dispositions: 1) dismissal under Fed. R. Civ. P. 12(b)(1) of claims for damages against persons protected by Eleventh Amendment immunity, 2) summary judgment under Fed. R. Civ. P. 56 dismissing § 1983 claims for which Plaintiff failed to exhaust administrative remedies, and 3) dismissal under Fed. R. Civ. P. 12(b)(6) of Plaintiff's properly exhausted § 1983 claim that he was denied surgical treatment of a serious medical condition.

Plaintiff Richard Dopp, who appears *pro se*, has filed a timely Objection [Doc. No. 69], a Combined Motion for Referral and Discovery [Doc. No. 70] (hereafter, "First Motion"), and a Motion Requesting Supplementation of Record [Doc. No. 71] (hereafter, "Second Motion"). Plaintiff's Objection triggers the Court's duty to make a *de novo* determination of the portions of the Report to which a specific objection is made. The

Court may accept, reject, or modify the recommended decision in whole or in part, or return the matter to the magistrate judge with instructions. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

The First Motion requests the appointment of a medical expert to review Plaintiff's medical records, and an opportunity for Plaintiff to obtain information needed to support his claim under 42 U.S.C. § 1983 that he was denied necessary surgery, citing Fed. R. Civ. P. 56(d). See Pl.'s First Mot. [Doc. No. 70] at 2. However, Judge Goodwin does not recommend a disposition under Rule 56 of the § 1983 claim discussed in the First Motion but, instead, addresses the sufficiency of the Amended Complaint to state a claim for relief. Thus, the First Motion is not relevant to the issues presented for decision, and the Court finds no basis to permit further factual development of Plaintiff's claim in the manner requested by the First Motion.[1]

The Second Motion asks the Court to consider two attached exhibits that, according to Plaintiff, were recently located while reviewing his files of other cases concerning the

---

[1] Plaintiff mistakenly argues in the First Motion that Judge Goodwin improperly considers matters outside the pleading to decide a Rule 12(b)(6) motion without converting Defendants' Motions to ones for summary judgment. In fact, Judge Goodwin relies only on factual allegations contained in Plaintiff's pleading or shown by exhibits attached to the Amended Complaint. See R&R at 23-25, 27-28. Such exhibits may properly be considered under Rule 12(b)(6). See Gee v. Pacheco, 627 F.3d 1178, 1186 (10th Cir. 2010); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009). Plaintiff observes that Judge Goodwin mentions in a footnote additional materials submitted by Plaintiff. See First Mot. at 1-2. In the footnote, however, Judge Goodwin simply states that the materials would be insufficient "[e]ven assuming these new submissions may properly be considered;" Judge Goodwin does not recommend that the materials actually be considered. See R&R at 28 n.9. In any event, Plaintiff expressly seeks by his Second Motion to make similar materials a part of his pleading "to be considered when reviewing the R&R." See Second Mot. at 1.

2

same medical issues, and were inadvertently omitted from this case.[2] The Court understands the Second Motion as a request to add the exhibits to Plaintiff's pleading so they may be used to evaluate the sufficiency of the Amended Complaint. Exhibit A is a handwritten letter dated February 23, 2017, from "Mary Alex, North American Spine;" Plaintiff seeks consideration of the writer's statement that his "treatment plan was reviewed by our doctor's physician assistant." *See* Second Mot., Ex. A [Doc. No. 71-1]. Exhibit B is a copy of an OU Medical Center report dated February 1, 2017, containing handwritten margin notes. Plaintiff represents that the notes were added by Mary Alex or someone at North American Spine who reviewed the report.[3] Because exhibits to a complaint and additional factual allegations included in an objection to a magistrate's report may be considered in judging the sufficiency of a pleading, the Court finds that the Second Motion should be granted. *See Gray v. GEO Group, Inc.*, No. 17-6135, 2018 WL 1181098, *2 (10th Cir. March 6, 2018) (unpublished) (citing *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001), and *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001)).[4]

---

[2] In earlier cases, Plaintiff asserted a similar claim that he was denied a surgical consultation and treatment for his medical condition at prior places of confinement. *See Dopp v. Jones*, Case No. CIV-14-961-D, Compl. at 13 (W.D. Okla. Sept. 8, 2014); *Dopp v. Larimer*, Case No. CIV-15-244-D, Order (W.D. Okla. Sept. 29, 2017), *aff.'d*, No. 17-6217, 2018 WL 1377561, (10th Cir. Mar. 19, 2018) (unpublished). In a later case that remains pending before Judge Goodwin, Plaintiff is asserting a similar claim that overlaps the Amended Complaint in this case; the duplicate case was filed in state court and was removed by Defendants. *See Dopp v. Honaker*, Case No. CIV-17-816-D, Notice of Removal (W.D. Okla. July 31, 2017).

[3] The significance of this alleged fact is unclear. The notes merely explain medical terms in the report, such as "neural foramen" and "stenosis." *See* Second Mot., Ex. B [Doc. No. 71-2]. Further, a similar copy of the report is Exhibit 9 to the Amended Complaint [Doc. No. 9-9].

[4] Unpublished opinions cited pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

**Factual and Procedural Background**

This civil rights action under 42 U.S.C. § 1983 concerns the conditions of Plaintiff's confinement as a state prisoner at the Cimarron Correctional Facility ("CCF"), a private prison in Cushing, Oklahoma, formerly operated by Corrections Corporation of America, and the North Fork Correctional Center ("NFCC"), a prison operated by the Oklahoma Department of Corrections ("ODOC") in Sayre, Oklahoma. Plaintiff is proceeding under the Amended Complaint [Doc. No. 9] filed April 24, 2017.[5] Plaintiff claims he was denied at both facilities adequate medical treatment in violation the Eighth Amendment's proscription against cruel and unusual punishment. *See* Am. Compl. [Doc. No. 9] at 8, 9. Specifically, Plaintiff alleges he was denied surgical treatment of a "serious degenerative medical condition (cervical foraminal stenosis neck bone nerve cord impingement)," for which corrective spinal-fusion surgery is needed; that he was denied (until February 2017) an updated MRI to determine the progression of his condition; and that he was denied at NFCC a prescription for Neurontin or other medications that alleviate severe pain. *Id*. at 12-17, 18-20. The named defendants as identified by Plaintiff are: 1) Buddy Honaker, ODOC's medical services administrator; 2) Joel McCurdy, ODOC's chief medical officer;

---

[5] The original Complaint filed October 6, 2016, predated Plaintiff's transfer from CCF to NFCC by less than a week. The Amended Complaint is a supplemental pleading encompassing later events, which Judge Goodwin permitted. *See* Order Requiring Service & Special Report [Doc. No. 10]. In this case, as in other cases concerning Plaintiff's medical complaint (*see supra* note 1), Plaintiff has been authorized to proceed *in forma pauperis* under 28 U.S.C. § 1915 despite his accumulation of more than three "prior occasions" or strikes under § 1915(g). In this case, Judge Goodwin found Plaintiff's allegations were facially sufficient to satisfy the imminent-danger exception of § 1915(g). *See* Order Granting Leave to Proceed *In Forma Pauperis* [Doc. No. 6] at 3. The Tenth Circuit agreed with this assessment of Plaintiff's similar allegations in a prior case. *See Dopp v. Larimer*, 2018 WL 1377561 at *2.

3) Stephen Paine, a physician at CCF; 4) Theresa Sellers, CCF's health services administrator; 5) Shirley May, health services administrator at CCF and then NFCC; 6) Laura Neefe, CCF's health services administrator; 7) Ms. Baird, CCF's nurse practitioner; 8) Dr. Neau, CCF's medical director; 9) Bob Thompson, a physician at NFCC; and 10) Jeffrey Troutt, ODOC's regional medical director.

Defendants Honaker, McCurdy, May, Thompson, and Troutt (the "ODOC Defendants") have moved for dismissal under Rule 12(b)(1) and (6).[6] Defendants Baird, Neefe, Paine, Neau, and Sellers (the "CCA Defendants") have moved for dismissal under Rule 12(b)(6) and, alternatively, Rule 56.[7] Both the ODOC Defendants and the CCA Defendants filed court-ordered Special Reports [Doc. Nos. 46, 48] pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

After careful consideration of Defendants' Motions, Plaintiff's Responses, and the case record, Judge Goodwin presents a thorough analysis of the issues in a 31-page Report [Doc. No. 68]. Plaintiff's Objection is silent concerning the first issue addressed in the Report, namely, the ODOC Defendants' Eleventh Amendment immunity from a suit for damages. The Court therefore finds that Plaintiff has waived further review of this part of the Report. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996)

---

[6] The ODOC Defendants' Motion does not cite Rule 12(b)(1) but asserts Eleventh Amendment immunity from a suit for damages brought against them in their official capacities. As properly noted by Judge Goodwin, Eleventh Amendment immunity is a threshold jurisdictional matter implicating subject matter jurisdiction. *See* R&R at 3.

[7] For clarity, the Court adopts the same identifiers used by Judge Goodwin. Defendant Sellers was served after the CCA Defendants' Motion was filed, but was subsequently permitted to join in its filing. *See* 10/6/17 Order [Doc. No. 65].

("firm waiver" rule requires a specific objection to preserve an issue for de novo review by district court). Plaintiff objects only to Judge Goodwin's analysis and recommendations regarding administrative exhaustion and the sufficiency of the Amended Complaint to state a § 1983 claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment.

### Failure to Exhaust Administrative Remedies for a § 1983 Claim Regarding a New MRI or Pain Medications

Judge Goodwin finds certain aspects of Plaintiff's claim that he was denied medical care must be dismissed pursuant to 42 U.S.C. § 1997e(a) because Plaintiff failed to exhaust his administrative remedies regarding these matters, namely, a new MRI scan and certain pain medications. Applying the summary judgment procedure of Rule 56 to record materials that are appropriate for consideration, including Plaintiff's sworn filings, Judge Goodwin finds that Plaintiff failed to complete the administrative review process for his grievances regarding a request for an updated MRI in July 2016, and requests for prescription pain medications in September and November 2015 and February and October 2016. Plaintiff does not challenge Judge Goodwin's statement of undisputed facts relevant to the defense of administrative exhaustion.[8] Plaintiff instead challenges the legal conclusions drawn from the undisputed facts.

---

[8] Plaintiff attempts to dispute one of the reasons given for rejecting his appeal regarding Grievance No. 15-398, that is, his request to staff ("RTS") was not submitted in a timely manner. Judge Goodwin finds that the record shows the RTS was not received by the reviewing authority until September 10, 2015. See R&R at 18-19. Plaintiff contends a timely submission date appears "on the grievance itself;" he relies on a handwritten date of July 27, 2015. See Obj. at 3 (citing CCF's Special Report [Doc. No. 48-8] at 86). However, the grievance form bears a date-stamp showing the date of actual submission, and Plaintiff's contention is undermined by his

6

The Court rejects Plaintiff's contention that the ODOC and CCA defendants have not established their exhaustion defense for § 1983 claims regarding a delayed MRI and pain medications. The detailed statement of facts compiled by Judge Goodwin shows that none of Plaintiff's grievances regarding these issues reached the final step of the administrative process. It is undisputed that Plaintiff filed only one formal grievance regarding an MRI scan at CCF, that Plaintiff's grievance appeal was returned unanswered, and that Plaintiff did not resubmit it. It is similarly undisputed that Plaintiff's multiple grievances regarding pain medications were either submitted as improper "emergency grievances," were returned unanswered during the administrative process for procedural errors, or were improperly submitted directly to the appeal authority.

Liberally construing the Objection, Plaintiff argues that the stated reasons for rejecting his grievance appeals were pretextual, that the cited procedural errors could not have been corrected, and that he was not offered an opportunity to resubmit the appeals.[9] Plaintiff invokes an exception to exhaustion when prison officials thwart a prisoner's efforts to complete the administrative process. *See* Obj. at 2 (citing *Jernigan v. Stuchell*, 304 F.3d 1030 (10th Cir. 2002), *Little v. Jones*, 607 F.3d 1245 (10th Cir. 2010), and *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016)); *id*. at 4-5 (citing *Blake*).

---

additional argument that delay was caused by his lack of access to notary services. *Id*. at 3-4. Plaintiff was subject to a grievance restriction policy that required a notarized affidavit. *Id*. at 3 (citing CCF's Special Report at 76). The Court finds that Plaintiff's attempt to dispute the date of filing Grievance 15-398 is unsupported by the case record, and in any event, untimeliness was only one of five reasons why the appeal was rejected.

[9] Plaintiff does not object to the rejection of his emergency grievances; he addresses only Grievances 16-239-2, 15-376, and 15-398, and RTS's in October 2016. *See* Obj. at 1-5.

Upon *de novo* consideration, the Court is not persuaded by Plaintiff's arguments. Plaintiff is correct that only "available" administrative remedies must be exhausted, and "[w]here prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable.'" *See Little*, 607 F.3d at 1250; *see also Blake*, 136 S. Ct. at 1860 ("when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation . . . , such interference with an inmate's pursuit of relief renders the administrative process unavailable"). However, an inmate can properly be required to comply with the applicable procedural rules through all levels of the administrative process. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010). The Tenth Circuit has made clear that an inmate "'may not successfully argue that he had exhausted his administrative remedies by, in essence, failing to employ them.'" *See Thomas*, 609 F.3d at 1118 (quoting *Jernigan*, 304 F.3d at 1033). In this case, Plaintiff has not come forward with facts to support a reasonable inference that prison officials interfered with his use of the administrative review process such that the process was not available to him. *See Tuckel v. Grover*, 660 F.3d 1249, 1254 (10th Cir. 2011) ("Once a defendant proves that a plaintiff failed to exhaust, . . . the onus falls on the plaintiff to show that remedies were unavailable to him . . . .").

In short, the Court finds no error in Judge Goodwin's analysis of the administrative exhaustion issues. The Court fully concurs in Judge Goodwin's finding that Defendants have established their affirmative defense of failure to exhaust administrative remedies

with respect to Plaintiff's § 1983 claims based on delays in providing an updated MRI scan in 2016 and supplying pain medications in 2015 and 2016. These claims must be dismissed pursuant to § 1997e(a).

**Sufficiency of Plaintiff's § 1983 Claim Regarding Spinal-Fusion Surgery**

Regarding corrective surgery to treat Plaintiff's spinal condition, Judge Goodwin finds that the Amended Complaint fails to state a claim of deliberate indifference to a serious medical need because Plaintiff's allegations and exhibits show he has received medical treatment for his spinal condition; he simply desires a surgical treatment that has not been determined by any treating physician or medical specialist to be necessary for his condition. Judge Goodwin finds that "Plaintiff has not plausibly pled that any Defendant, solely by not arranging [spinal-fusion] surgery, was deliberately indifferent to Plaintiff's serious medical needs." *See* R&R at 29.

Plaintiff objects to this finding, but he does not dispute the accuracy of Judge Goodwin's summary of his factual allegations. *See* R&R at 22-25; Obj. at 5. Thus, the Court adopts without change this portion of Judge Goodwin's Report. The Court also considers an additional factual allegation in the Amended Complaint highlighted by Plaintiff in his Objection, that Dr. Thompson and Defendant May "admitted to [Plaintiff] that pills would never fix, heal, [or] correct [Plaintiff's] degenerative neck bone condition and that his nerves were being pinched by those neck bones." *See* Obj. at 5, 7; Am. Compl. at 18. Further, the Court may consider factual allegations included in Plaintiff's Objection and added pursuant to the Second Motion, discussed *supra*, which the Tenth

9

Circuit has authorized district courts to consider as amendments to a pleading. *See McBride*, 240 F.3d at 1289; *see also Gray*, 2018 WL 1181098 at *5; *Breedlove v. Costner*, 405 F. App'x 338, 343 (10th Cir. 2010).

As a preliminary matter, the Court also adopts Judge Goodwin's correct statement of the applicable legal standards: a) the procedural standard used to assess the Amended Complaint under Rule 12(b)(6); and b) the substantive standard governing Plaintiff's § 1983 claim. *See* R&R at 25-26. Judge Goodwin finds the Amended Complaint fails to satisfy the subjective component of "deliberate indifference" under the Eighth Amendment, which requires a plaintiff to show that the defendant "was aware of and ignored an excessive risk to the inmate's health or safety." *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). For reasons explained in his Report, Judge Goodwin finds that Plaintiff's allegations show simply a disagreement with Defendants about his treatment; he seeks a surgical option that no treating or examining physician has recommended and that no medical professional has determined to be medically necessary. *See* R&R at 27-29. Judge Goodwin concludes that Plaintiff has not shown by his allegations that Defendants have disregarded a substantial risk of harm to Plaintiff. *Id*. at 29.

Liberally construing the arguments in Plaintiff's Objection, the Court understands that Plaintiff primarily challenges Judge Goodwin's conclusion that his allegations do not show Defendants have disregarded an "obvious need." *See* Obj. at 6. Although not cited in his Objection, Plaintiff relies on the principle that the deliberate indifference standard "is not satisfied, absent an extraordinary degree of neglect, where a doctor merely

exercises his considered medical judgment," but an actionable claim may exist if "the need for additional treatment or referral to a medical specialist is obvious" and the obvious need is ignored. *See Self v. Crum*, 439 F.3d 1227, 1232 (10th Cir. 2006). Plaintiff contends that the pain management treatments that Defendants have provided are ineffective to alleviate his pain and "corrective surgery . . . is the only viable option left." *See* Obj. at 6; *see also id*. at 7 (complaining that Judge Goodwin ignores "the uncontrolled pain [and] suffering [Plaintiff] is continually experiencing that is not being adequately treated [and] cannot be because only corrective surgery can provide that level of pain relief").

Accepting Plaintiff's well-pleaded factual allegations as true, Plaintiff has been diagnosed with a degenerative spinal condition that causes severe, chronic pain. Plaintiff has been treated with prescription pain medications, medical examinations, diagnostic tests performed in 2013, 2014, and February 2017, and most recently, by "injection of salt water." *See* Obj. at 5, 8. While at CCF, Plaintiff received a previously scheduled appointment to be evaluated by a neurosurgeon at the OU Medical Center; the appointment resulted in Plaintiff's examination by a "screener" who advised Plaintiff that surgery could correct his condition but OU Medical Center would not provide it due to budgetary constraints. Plaintiff "then requested Dr. Paine, T. Sellers, and S. May to schedule him to see an independent medical facility such as Laser Institute in OKC, OK, to provide the corrective surgery, but said requests were denied." *See* Am. Compl. at 13. Plaintiff also provided the CCA Defendants with "copies of results of totally . . . independent medical facility, North American Spine Institute (NASI), . . . after they reviewed [Plaintiff's] 2014

11

MRI CD images . . . . NASI concluded [Plaintiff] required surgical fusion to correct his lower neck bone degenerative condition and relieve the pain caused by the nerve cord impingement." *Id*. at 13. Plaintiff alleges he also provided this information to ODOC Defendants Honaker and McCurdy and all these defendants refused to provide or recommend surgery. *Id*. at 14. After Plaintiff's transfer to NFCF on October 12, 2016, Plaintiff allegedly provided the same information to Defendant May (then NFCF's health services administrator) and Dr. Thompson, which resulted in the ODOC Defendants (including Drs. Troutt and McCurdy) ordering and reviewing the 2017 MRI. But Dr. Thompson told Plaintiff that "ODOC would [rather] feed [Plaintiff] pain pills for the rest of his life than provide any corrective surgery." *Id*. at 18. Plaintiff provides factual allegations to show that all ODOC Defendants, including Defendant Honaker, have been personally involved in his medical treatment but have failed to pursue a surgical option.

Upon careful consideration, the Court finds that Plaintiff has provided minimally sufficient factual allegations, when viewed in his favor as the court must, to state a plausible claim that Defendants have engaged in deliberate indifference to a serious medical need for relief from severe pain caused by a treatable spinal condition. Judge Goodwin is correct that Plaintiff has not been examined by any medical professional who has recommended surgical treatment, but Plaintiff alleges a medical "screener" whom Plaintiff saw for that purpose refused to recommend surgery for financial reasons. Also, it does not appear from Plaintiff's pleading that any defendant is qualified to evaluate Plaintiff's need for spinal-fusion surgery. "A prison medical professional who serves 'solely . . . as

a gatekeeper for other medical personnel capable of treating the condition' may be held liable under the deliberate indifference standard if she 'delays or refuses to fulfill that gatekeeper role.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1211 (10th Cir. 2000)). Although "[d]elay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm," the court of appeals has held that severe pain may be sufficient to satisfy this standard. *See Sealock*, 218 F.3d at 1210; *see also Gray*, 2018 WL 1181098 at *4. Upon consideration, the Court finds that Plaintiff alleges minimally sufficient facts from which to infer that Defendants have failed to perform their gatekeeper role for treatment of Plaintiff's condition.[10]

Therefore, the Court finds that the Amended Complaint sufficiently states a plausible claim against Defendants of deliberate indifference to Plaintiff's serious medical need regarding a spinal condition causing severe and unalleviated pain.

## Conclusion

For these reasons, the Court finds that any official-capacity § 1983 claim should be dismissed without prejudice, that Plaintiff's § 1983 claim regarding a delayed MRI scan and pain medications must be dismissed for failure to exhaust administrative remedies, but

---

[10] The cases cited by Judge Goodwin involving complaints about a lack of surgical treatment involved: a diagnosis and determination by medical staff "that surgical intervention was not now indicated," *see Levy v. Kafka*, 6 F. App'x 822, 823 (10th Cir. 2001); an examination by a specialist "who determined that facial surgery was not a medical necessity," *see Hartz v. Sale*, 687 F. App'x 783, 785 (10th Cir. 2017); and "a difference of professional opinion" between two doctors regarding the need for hernia surgery. *See Sherman v. Klenke*, 653 F. App'x 580, 591 (10th Cir. 2016).

that Plaintiff states a plausible § 1983 claim regarding a refusal by Defendants to consider surgical treatment of Plaintiff's spinal condition.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 68] is ADOPTED IN PART, as set forth herein. Defendants Baird, Neefe, Paine and Neau's Motion to Dismiss [Doc. No. 49] is GRANTED in part and DENIED in part; Defendants Honaker, McCurdy, May, Thompson, and Troutt's Motion to Dismiss [Doc. No. 47] is GRANTED in part and DENIED in part. The case shall proceed only on Plaintiff's § 1983 claim against all Defendants regarding surgical treatment of his medical condition.

IT IS FURTHER ORDERED that Plaintiff's Combined Motion for Referral and Discovery [Doc. No. 70] is DENIED but Plaintiff's Motion Requesting Supplementation of Record [Doc. No. 71] is GRANTED.

IT IS FURTHER ORDERED that this matter is re-referred to Judge Goodwin for further proceedings consistent with the initial case referral.

IT IS SO ORDERED this 23rd day of March, 2018.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE